UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MEDICAL IMAGING SOLUTIONS GROUP, INC.    *MJ Alexander*

v.    C.A. NO.:

ALKOMED TECHNOLOGIES, LLC.

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED ✓ (2)
LOCAL RULE 4.1 ____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK. _____
DATE_____

## COMPLAINT

1.    Medical Imaging Solutions Group, Inc. ("MIS") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

2.    Alkomed Technologies, LLC ("Alkomed") is a Massachusetts Domestic Limited Liability Company with a principal place of business located at 298 Commonwealth Avenue, Boston, Massachusetts.

3.    This complaint arises out of three contracts for the purchase/rental of medical imaging equipment between MIS and Alkomed.

4.    Alkomed has sufficient minimum contacts with the Commonwealth of Massachusetts so as to give this court jurisdiction over this entity.

5.    This court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00.

## FACTS

6.    MIS is in the business of sales and service of medical imaging equipment, and is one of the largest direct purchasers for used MRI and CT equipment in the United States.

7.    Alkomed is a known source of used MRI and CT equipment.

8.    In or around March of 2003, representatives from MRI and Alkomed began discussions to build a relationship between the two companies.

9.    As part of these discussions, MIS indicated that it was in need of a Siemens Harmony MRI Shimming Tool and Siemens Harmony Ramp Power Supply, Probe, and Cables, (hereinafter "tools").

10.    Alkomed indicated that it could provide this equipment to MIS for terms to be negotiated.

The parties discussed options of either leasing or purchasing the equipment, with discussions of MIS utilizing the equipment on "loan" in the immediate future prior to finalizing the negotiations.

11.    MIS accepted Alkomed's offer to provide the aforementioned equipment, and discussed a time frame within which it expected to receive the equipment.

12.    MIS and Alkomed contemporaneously entered into a separate contract (contract #042502) for the purchase of a 1997 Siemens Somatom Plus 4 CT scanner (hereinafter "scanner").

13.    Pursuant to this contract (#042502) MIS paid a $10,000.00 deposit to "secure" the aforementioned scanner.

14.    Shortly after entering into these contracts, MIS was approached by one of its largest customers to supply, install and perform maintenance on certain imaging equipment. This maintenance required use of the "tools" that Alkomed had contracted to provide.

15.    MIS inquired of Alkomed as to whether the "tools" could be provided within "a week or so," and were informed that they could be provided in that time.

16.    Reasonably relying on this assurance, MIS contracted with its potential client to supply, install, and perform maintenance on said equipment.

17.    Despite Alkomed's assurances, the "tools" were never delivered. MIS was unable to fulfill its commitments to its client, resulting in the loss of this client and significant revenue from this client from lost sales and maintenance contracts.

18.    Despite Alkomed's receipt of the $10,000.00 deposit for the scanner, Alkomed sold the scanner to a third party. At no time prior to receipt of the deposit were the terms and conditions of the contract amended or cancelled.

19.    Thereafter, on or about April 28, 2003, the parties negotiated a third contract (#042803) to purchase and rent other equipment, specifically purchase of a Siemens Harmony MRI Shimming Tool and rental of a Siemens Harmony Ramp Power Supply, Probe, and Cables.

20.    The third contract (#042803) acknowledged receipt of the $10,000.00 previously supplied.

21.    Despite signing the third contract, Alkomed, subsequently attempted to change the terms of the contract and require a larger deposit prior to delivery of the equipment.

22.    MIS refused to accept the renegotiated terms and demanded return of its deposit.

23.    To date, Alkomed has refused return of MIS's deposit.

## COUNT I
### Breach of Contract

24.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 23 as set forth fully herein.

25.    Alkomed's failure to provide the "tools" as contracted to between the parties constitutes a breach of contract.

## COUNT II
### Breach of Contract

26.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 25 as set forth fully herein.

27.    Alkomed's sale of the equipment covered in contract # 42502 despite receipt of a deposit constitutes a breach of contract.

## COUNT III
### Breach of Contract

28.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 27 as set forth fully herein.

29.    Alkomed's failure to perform pursuant to the terms of contract # 42803 despite receipt of a deposit constitutes a breach of contract.

30.    There is no justifiable reason of fact of law for Alkomed to have refused performance of the terms of the contract.

## COUNT IV
### Unjust Enrichment

31.    Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 29 as set forth fully herein.

32.    Alkomed's retention of Plaintiff's deposit despite its refusal to perform its contractual obligations constitutes unjust enrichment.

33.    There is no justifiable reason of fact or law for Alkomed to have refused return of Plaintiff's deposit, after refusing to perform its contractual obligations.

WHEREFORE, Plaintiff MEDICAL IMAGING SOLUTIONS GROUP, INC., respectfully demands

1.    Judgment against the Defendant

2.    Compensatory damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

3.    Consequential damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

4.    Costs, including but not limited to reasonable attorney's fees, and expenses; and

5.    Such other relief as this Honorable Court deems just and proper.

MEDICAL IMAGING SOLUTIONS GROUP, INC.
By its Attorneys
BLISH & CAVANAGH

Thomas E. Romano, BBO#631985
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900 (phone)
(401) 490-7640 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Medical Imaging Solutions Group, Inc.**
   **v. Alkomed Technologies, LLC**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do **all** of the non-governmental parties reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions) N/A
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Thomas E. Romano
ADDRESS    Blish & Cavanagh LLP, 30 Exchange Terrace, Providence, RI 02903
TELEPHONE NO.    401 / 831-8900

(CoversheetlocaI.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Medical Imaging Solutions Group, Inc.

**DEFENDANTS**

Alkomed Technologies, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas E. Romano
Blish & Cavanagh LLP    401 / 831-8900
30 Exchange Terrace, Providence, RI  02903

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Breach of Contract - Commercial

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
$370,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    N/A

JUDGE _____    DOCKET NUMBER _____

DATE
1/6/05

SIGNATURE OF ATTORNEY OF RECORD
_Thomas E. Romano_

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____