UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 MAR 21 P 2: 32
U.S. DISTRICT COURT
DISTRICT OF MASS

MEDICAL IMAGING SOLUTIONS GROUP, INC.

v.                                    C.A. No. 05-10080 DPW

ALKOMED TECHNOLOGIES, LLC. and
ALEXANDER KOUSPAKIAN

## AMENDED COMPLAINT

1. Medical Imaging Solutions Group, Inc. ("MIS") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

2. Alkomed Technologies, LLC ("Alkomed") is a Massachusetts Domestic Limited Liability Company with a principal place of business located at 298 Commonwealth Avenue, Boston, Massachusetts.

3. Alexander Kouspakian ("Kouspakian") is a resident of the Commonwealth of Massachusetts and is the manager of Alkomed.

4. This complaint arises out of three contracts for the purchase/rental of medical imaging equipment between MIS and Kouspakian, doing business as Alkomed.Technologies and/or Alkomed

5. Alkomed and Kouspakian has sufficient minimum contacts with the Commonwealth of Massachusetts so as to give this court jurisdiction over these Defendants.

6. This court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of jurisdiction between the parties and the amount in controversy exceeds the sum of $75,000.00.

## FACTS

7. MIS is in the business of sales and service of medical imaging equipment, and is one of the largest direct purchasers for used MRI and CT equipment in the United States.

8. Kouspakian and Alkomed are known sources of used MRI and CT equipment.

9. In or around March of 2003, representatives from MRI and Kouspakian began discussions to build a relationship between the two companies.

10. As part of these discussions, MIS indicated that it was in need of a Siemens Harmony MRI Shimming Tool and Siemens Harmony Ramp Power Supply, Probe, and Cables, (hereinafter "tools").

11. Kouspakian indicated that Alkomed could provide this equipment to MIS for terms to be negotiated. The parties discussed options of either leasing or purchasing the equipment, with discussions of MIS utilizing the equipment on "loan" in the immediate future prior to finalizing the negotiations.

12. MIS accepted the offer to provide the aforementioned equipment, and discussed a time frame within which it expected to receive the equipment.

13. MIS and Kouspakian and/or Alkomed contemporaneously entered into a separate contract (contract #042502) for the purchase of a 1997 Siemens Somatom Plus 4 CT scanner (hereinafter "scanner").

14. Pursuant to this contract (#042502) MIS paid a $10,000.00 deposit to "secure" the aforementioned scanner.

15. Shortly after entering into these contracts, MIS was approached by one of its largest customers to supply, install and perform maintenance on certain imaging equipment. This maintenance required use of the "tools" that Kouspakian and/or Alkomed had contracted to provide.

16. MIS inquired of Kouspakian as to whether the "tools" could be provided within "a week or so," and were informed that they could be provided in that time.

17. Reasonably relying on this assurance, MIS contracted with its potential client to supply, install, and perform maintenance on said equipment.

18. Despite Kouspakian and/or Alkomed's assurances, the "tools" were never delivered. MIS was unable to fulfill its commitments to its client, resulting in the loss of this client and significant revenue from this client from lost sales and maintenance contracts.

19. Despite Kouspakian and/or Alkomed's receipt of the $10,000.00 deposit for the scanner, Kouspakian and/or Alkomed sold the scanner to a third party. At no time prior to receipt of the deposit were the terms and conditions of the contract amended or cancelled.

20. Thereafter, on or about April 28, 2003, the parties negotiated a third contract (#042803) to purchase and rent other equipment, specifically purchase of a Siemens Harmony MRI Shimming Tool and rental of a Siemens Harmony Ramp Power Supply, Probe, and Cables.

21. The third contract (#042803) acknowledged receipt of the $10,000.00 previously

supplied.

22. Despite signing the third contract, Kouspakian and/or Alkomed, subsequently attempted to change the terms of the contract and require a larger deposit prior to delivery of the equipment.

23. MIS refused to accept the renegotiated terms and demanded return of its deposit.

24. To date, Kouspakian and/or Alkomed has refused return of MIS's deposit.

## COUNT I
## Breach of Contract

25. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 24 as set forth fully herein.

26. Kouspakian and/or Alkomed's failure to provide the "tools" as contracted to between the parties constitutes a breach of contract.

## COUNT II
## Breach of Contract

27. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 26 as set forth fully herein.

28. Kouspakian and/or Alkomed's sale of the equipment covered in contract # 42502 despite receipt of a deposit constitutes a breach of contract.

## COUNT III
## Breach of Contract

29. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 28 as set forth fully herein.

30. Kouspakian and/or Alkomed's failure to perform pursuant to the terms of contract # 42803 despite receipt of a deposit constitutes a breach of contract.

31. There is no justifiable reason of fact of law for Kouspakian and/or Alkomed to have refused performance of the terms of the contract.

## COUNT IV
## Unjust Enrichment

32. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1

through 31 as set forth fully herein.

33. Alkomed's retention of Plaintiff's deposit despite its refusal to perform its contractual obligations constitutes unjust enrichment.

34. There is no justifiable reason of fact or law for Kouspakian and/or Alkomed to have refused return of Plaintiff's deposit, after refusing to perform its contractual obligations.

WHEREFORE, Plaintiff MEDICAL IMAGING SOLUTIONS GROUP, INC., respectfully demands

1. Judgment against the Defendants

2. Compensatory damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

3. Consequential damages in an amount to be determined at trial and sufficient to confer judgment upon this Honorable Court;

4. Costs, including but not limited to reasonable attorney's fees, and expenses; and

5. Such other relief as this Honorable Court deems just and proper.

        MEDICAL IMAGING SOLUTIONS GROUP, INC.
        By its Attorneys
        BLISH & CAVANAGH LLP

        Thomas E. Romano, BBO#631985
        30 Exchange Terrace
        Providence, RI 02903
        (401) 831-8900 (phone)
        (401) 490-7640 (fax)