UNITED STATES DISTRICT COURT
District of Massachusetts

|  |  |
|---|---|
| MEDICAL IMAGING SOLUTIONS GROUP, INC.<br><br>v.<br><br>ALKOMED TECHNOLOGIES, LLC and ALEXANDER KOUSPAKIAN | C.A. No.: 05-10080 DPW |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

#### INTRODUCTION

This Complaint arises out of the allegation involving three contracts for the purchase/rental of medical imaging equipment between the Plaintiff and Defendants. The Plaintiff states in the Complaint that pursuant to a specific contract, the Plaintiff paid, to one or both of the Defendants a $10,000.00 deposit to "secure" a 1997 Siemens Sonatom Plus 4 CT scanner. The Plaintiff further contends that the Defendants refused to return the Plaintiff's deposit thereby, not only breaching three contracts, but also becoming unjustly enriched in the amount of $10,000.00.

In the Complaint, the Plaintiff makes no further allegations that it has been harmed financially or that any additional monies are owed to it. Further, the Plaintiff is not requesting an injunction or any other relief that would be difficult to quantify.

#### ARGUMENT

**I.    THE PLAINTIFF LACKS SUBJECT MATTER JURISDICTION PURSUANT TO FED.R.CIV.P. 12(b)(1)**

The Plaintiff filed their suit, in the U.S. District Court for the District of Massachusetts. As such, it is required that the amount in controversy exceed the sum or value of $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). However, in the Complaint, the Plaintiff only alleges that $10,000.00 in damages is owed to them, excluding any interest and costs. Therefore, the matter should be dismissed for lack of subject matter jurisdiction.

Even if the Court accepts as true the allegations in the Complaint and draws all reasonable inferences in favor of the Plaintiffs, the amount in controversy does not approach $75,000.00. *See* Mulloy v. United States, 884 F.Supp. 622, 626 (D.Mass. 1995); Williams v. City of Boston, 784 F.2d 430, 433 (1st Cir. 1986)(In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the Court assumes that all material allegations set forth in the complaint are true.).

Due to the fact that Federal courts have limited jurisdiction, "the party invoking a federal forum has the burden of demonstrating the existence of federal jurisdiction". Stephen Payne, et al. v. The Goodyear Tire & Rubber Co., Civil Action No. 01-10118 (1st Cir. 2002); *See* Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When a motion to dismiss is filed for failure to state a claim with regard to the issue of the amount in controversy, "all the plaintiff must do to carry his burden . . .is to set forth facts which, if true, would prevent the trier from concluding to a legal certainty that the potential recovery is capped at a figure below the jurisdiction minimum." Barrett v. Lombardi, 239 F.3d 10-31 (1st Cir. 2001).

Furthermore, the Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), states as follows:

"[But] if, from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

As it is clear from the Plaintiff's Complaint, they are unable to establish damages in excess of $75,000.00. The Complaint only alleges that a $10,000.00 retainer was provided to the Defendants and that money was not returned. The Plaintiff never alleges that it has suffered any further damage. Therefore, the Defendants respectfully request that this matter be dismissed.

## CONCLUSION

For the foregoing reasons herein stated above, the Defendants' Motion to Dismiss the Complaint brought against Alkomed Technologies, LLC and Alexander Kouspakian should be allowed.

Respectfully Submitted,
DEFENDANTS,
Alkomed Technologies, LLC and
Alexander Kouspakian,
By its Attorney,

_____
Ara H. Margosian II
BBO# 560556
The Law Office of Ara H. Margosian II
415 Mt. Auburn Street
Watertown, MA 02472
(617) 926-8944

Dated: April 8, 2005