UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| MEDICAL IMAGING SOLUTIONS GROUP, INC.<br><br>v.<br><br>ALKOMED TECHNOLOGIES, LLC AND ALEXANDER KOUSPAKIAN | C.A. No.: 05-10080 DPW |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, ALKOMED TECHNOGLOGIES, LLC'S, MOTION TO DISMISS

#### FACTS

The Plaintiff, Medical Imagining Solutions Group, Inc. (hereinafter "Plaintiff" or "MIS") alleges that the Complaint arises out of three contracts for the purchase/rental of medical imaging equipment between MIS and Defendant Alexander Kouspakian, doing business as Alkomed.Technologies and/or Alkomed. The facts of the Complaint go on to allege that Defendant, Alexander Kouspakian (hereinafter "Defendant Kouspakian") failed to return a Ten Thousand Dollars ($10,000) deposit and that in the course of doing so breached those three contracts and was unjustly enriched, as a result.

However, in that Complaint, the Plaintiff fails to establish any cause of action on the part of named Defendant, Alkomed Technologies, LLC (hereinafter "Defendant"). The Plaintiff states that in or around March of 2003, representatives from MRI (presumably the Plaintiff had intended this to read MIS) and Kouspakian began discussions to build a relationship between the two companies. The Plaintiff goes on to allege that a series of contracts were entered into between the Plaintiff and Kouspakian

and/or Alkomed. The Plaintiff alleges that the last contract entered into between the "parties" was on or about April 28, 2003. Alkomed Technologies, LLC was not organized with the Secretary of State of the Commonwealth of Massachusetts until October 21, 2003. (See Exhibit "A" attached hereto).

## ARGUMENT

I. **THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.**

The Plaintiff alleges that the contracts that it entered into were all with Defendant, Alexander Kouspakian and all such contracts were negotiated on or before April 28, 2003, and as such could not have been negotiated and entered into with Alkomed Technologies, LLC, as it was not in existence yet. The Plaintiff fails to establish that it ever entered into a contract with Defendant, Alkomed Technologies, LLC or even that they ever had a relationship with Alkomed Technologies, LLC. It is therefore the Defendant's contention that this matter should be dismissed.

In Rannels v. S.E. Nichols, Inc., 591 F.2d 242 (3d Cir. 1979), the Court stated that the Federal Rules require a "short and plain statement of the claim that will give the defendant faire notice of what the plaintiff's claim is and the grounds upon which it rests." Further, the Court stated that what is required is a statement of the claim "showing that the pleader is entitled to relief." Id. In the case at bar, the Plaintiff demonstrates that it may be entitled to relief, however, not from this Defendant, Alkomed Technologies, LLC.

In O'Brien v. DiGrazia, 544 F.2d 543 (1st Cir. 1976), the Court stated; "[A] plaintiff will not be thrown out of court for failing to plead facts in support of every

arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." In the case at bar, the Plaintiff fails to allege or suggest any facts that support a contention that Defendant, Alkomed Technologies, LLC breached any contract or was unjustly enriched as the Plaintiff states in paragraph four (4) of its Complaint that the complaint arises out of three contracts for the purchase/rental of medical imaging equipment between the Plaintiff and Defendant Kouspakian, doing business as Alkomed.Technologies and/or Alkomed. Therefore, it is reasonable to believe that no such facts exist to support that contention.

## CONCLUSION

For the foregoing reasons herein stated above, the Defendant's Motion to Dismiss the Complaint brought against Alkomed Technologies, LLC should be allowed.

Respectfully submitted,
DEFENDANT,
Alkomed Technologies, LLC
By its Attorney,

_____
Ara H. Margosian II
BBO# 560556
The Law Office of Ara H. Margosian II
415 Mt. Auburn Street
Watertown, MA 02472
Dated: April 8, 2005                (617) 926-8944