# UNITED STATES DISTRICT COURT
## District of Massachusetts

|  |  |
|---|---|
| _____ )<br><br>MEDICAL IMAGING SOLUTIONS GROUP, )<br>INC. )<br> )<br> )<br>v. )<br> )<br> )<br>ALKOMED TECHNOLOGIES, LLC and )<br>ALEXANDER KOUSPAKIAN )<br>_____) | C.A. No.:  05-10080 DPW |

     NOW comes the Defendants, Alkomed Technologies, Inc. (hereinafter referred to as "Defendant Alkomed"), and Alexander Kouspakian (hereinafter referred to as "Defendant Kouspakian") to answer the Complaint filed against them by the Plaintiff, Medical Imaging Solutions Group, Inc. (hereinafter referred to as "Plaintiff").

## ANSWER AND COUNTERCLAIMS

1.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (1) of Plaintiff's Complaint;

2.     Defendant Alkomed admits the allegations contained in Paragraph (2) of the Plaintiff's Complaint.

3.     Defendant Kouspakian admits the allegations contained in Paragraph (3) of the Plaintiff's Complaint.

4.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (4) of Plaintiff's Complaint.

5.     Defendants admit the allegations contained in Paragraph (5) of Plaintiff's Complaint.

6.     Defendants deny the allegations contained in Paragraph (6) of Plaintiff's Complaint.

## FACTS

7.    Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (7) of Plaintiff's Complaint.

8.    Defendants admit the allegations contained in Paragraph (8) of Plaintiff's Complaint.

9.    Defendants deny the allegations contained in Paragraph (9) of Plaintiff's Complaint.

10.   Defendants deny the allegations contained in Paragraph (10) of Plaintiff's Complaint.

11.   Defendants deny the allegations contained in Paragraph (11) of Plaintiff's Complaint.

12.   Defendants deny the allegations contained in Paragraph (12) of Plaintiff's Complaint.

13.   Defendants deny the allegations contained in Paragraph (13) of Plaintiff's Complaint.

14.   Defendants deny the allegations contained in Paragraph (14) of Plaintiff's Complaint.

15.   Defendants deny the allegations contained in Paragraph (15) of Plaintiff's Complaint.

16.   Defendants deny the allegations contained in Paragraph (16) of Plaintiff's Complaint.

17.   Defendants deny the allegations contained in Paragraph (17) of Plaintiff's Complaint.

18.   Defendants deny the allegations contained in Paragraph (18) of Plaintiff's Complaint.

19.   Defendants deny the allegations contained in Paragraph (19) of Plaintiff's Complaint.

20.   Defendants deny the allegations contained in Paragraph (20) of Plaintiff's Complaint.

21.   Defendants deny the allegations contained in Paragraph (21) of Plaintiff's Complaint.

22.     Defendants deny the allegations contained in Paragraph (22) of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph (23) of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraph (24) of Plaintiff's Complaint.

## COUNT I
## Breach of Contract

25.     No answer is required to Paragraph (25) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 24 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in Paragraph (26) of Plaintiff's Complaint.

## COUNT II
## Breach of Contract

27.     No answer is required to Paragraph (27) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 26 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in Paragraph (28) of Plaintiff's Complaint.

## COUNT III
## Breach of Contract

29.     No answer is required to Paragraph (29) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 28 of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph (30) of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in Paragraph (31) of Plaintiff's Complaint.

## COUNT IV
## Unjust Enrichment

32.    No answer is required to Paragraph (32) of Plaintiff's Complaint, however, to the extent one may be, Defendants reassert and incorporate herein by reference, each of its responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33.    Defendants deny the allegations contained in Paragraph (33) of Plaintiff's Complaint.

34.    Defendants deny the allegations contained in Paragraph (34) of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has no standing to bring a case against Defendant Alkomed as the Defendant Alkomed never entered into a contract with Defendant Alkomed.  Defendant Alkomed was not organized with the Secretary of State of the Commonwealth of Massachusetts until October 21, 2003.

**SECOND AFFIRMATIVE DEFENSE**

The claims brought by Plaintiff are frivolous, wholly unsubstantial, and not advanced in good faith.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff did in fact suffer injury or damages as alleged, such injury or damage was caused by someone, for whose conduct Defendants was not and is not legally responsible for.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff did in fact suffer injury or damages as alleged, Plaintiff has failed to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has unclean hands and therefore its equitable claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

Each of the Plaintiff's claims should be dismissed, for failure to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P. R. 12(b)(6).

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants deny each and every material allegation of the Plaintiff's Complaint which not herein specifically admitted, denied or controverted.

**WHEREFORE,** Defendant Alkomed and Defendant Kouspakian respectfully request that this Honorable Court:

a) Dismiss Plaintiff's claims, on all counts and with prejudice;
b) Award Defendants fees, costs, and legal expenses; and
c) Award Defendants any other and further award that this Honorable Court deems just and proper.

## DEFENDANTS' COUNTERCLAIMS

1. Defendant-Plaintiff-in-the-Counterclaim, Alkomed Technologies, LLC, (hereinafter referred to "Defendant Alkomed") is a Massachusetts Limited Liability Company with a principal place of business located at 388 Boylston Street, Newton, Commonwealth of Massachusetts.

2. Defendant-Plaintiff-in-the-Counterclaim, Alexander Kouspakian, (hereinafter referred to as "Defendant Kouspakian") is an individual residing in the Commonwealth of Massachusetts.

3. Defendant-Plaintiff-in-the-Counterclaim, Alexander Kouspakian is the owner of Alkomed Technologies, LLC.

4. Plaintiff-Defendant-in-the-Counterclaim, Medical Imaging Solutions Group, Inc., (hereinafter referred as "Plaintiff") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

## FACTS

5. In 2003, Alkomed Technologies was in the business of selling used and new radiological equipment.

6. In 2003, Defendant Kouspakian was an employee of Alkomed Technologies.

7.      Defendant Kouspakian, on behalf of Alkomed Technologies would sell radiological systems through suppliers worldwide and sell those systems to prospective buyers.

8.      In and around February and March, 2003, Defendant Kouspakian became acquainted with an employee of Plaintiff.

9.      In and around February and March, 2003, Defendant Kouspakian traveled to San Antonio, Texas to meet with employees of Plaintiff, Robert Hagan and Martha Kilgore.

10.     While in San Antonio, Texas, Defendant Kouspakian had a discussion with Plaintiff's representatives regarding Plaintiff's need for MRI machines and CT Scanners specifically Siemens brand.

11.      Defendant Kouspakian drafted a Contract (Contract 00-042502) for the sale of a 1997 Siemens Sonatom Plus 4 CT Scanner (hereinafter referred to as "CT Scanner").

12.     On or about March 5, 2003, Defendant Kouspakian sent Contract 00-042502 to Plaintiff for review and execution.

13.     The Contract 00-042502 listed the price for the 1997 Siemens Sonatom Plus 4 CT Scanner as US $95,000.00.

14.     Plaintiff and Defendant Kouspakian negotiated the price of the CT Scanner and ultimately agreed to US $89,000.00.

15.     On or about March 25, 2003, Robert Hagan signed and dated Contract 00-042502.

16.     On or about March 28, 2003, Contract 00-042502 was returned to Defendant Kouspakian via facsimile with Robert Hagan's signature.

17.     Following the execution of Contract 00-042502, Plaintiff provided Defendant Kouspakian with a check in the amount of US $10,000.00 as a deposit to secure the CT Scanner.

18.     Defendant Kouspakian then forwarded the US $10,000.00 deposit to Lundy International LTD (hereinafter referred to as "Lundy"), in London, England.

19.     Lundy was the company who was to supply the CT Scanner to Defendant Kouspakian for sale to Plaintiff.

20.     Pursuant to Contract 00-042502, Plaintiff and Defendant Kouspakian set up a time and place for Plaintiff to inspect the CT Scanner.

21.     Defendant Kouspakian and Plaintiff agreed to meet in London during the week of April 21, 2003, so that Plaintiff could inspect the CT Scanner.

22.     Defendant Kouspakian then purchased an airplane ticket and made hotel reservations for himself and Plaintiff's representatives.

23.     Defendant Kouspakian contacted Robert Hagan, approximately two or three days prior to the scheduled trip, and confirmed the meeting in London to inspect the CT Scanner at Lundy.

24.     Defendant Kouspakian traveled to London per his discussions with Robert Hagan and went to his hotel.

25.     The following day, Defendant Kouspakian received an e-mail message from Robert Hagan stating that Plaintiff would not be coming to London.

26.     Defendant Kouspakian explain to Lundy that Plaintiff would not be traveling to London to inspect the CT Scanner.

27.     Defendant Kouspakian contacted Lundy, while in London, to attempt to locate some other items that Plaintiff was interested in securing, specifically a shimming tool and a Siemens Harmony ramp power supply and probe (hereinafter referred to collectively as "tools").

28.     Defendant Kouspakian was able to secure the tools for Plaintiff in very good condition, from London

29.     The CT Scanner was in very good condition and was ready to be delivered to Plaintiff.

30.     Plaintiff never arrived in London for the inspection of the CT Scanner.

31.     Defendant Kouspakian incurred costs of US $3,315.00 for his flight and hotel reservations.

32.     Defendant Kouspakian incurred a lost wages in the amount of US $4,807.00.

33.     Defendant Kouspakian drafted a second Contract (hereinafter referred to as "Contract 00-042803") for the sale of a shimming tool and rental of Siemens Harmony ramp power supply and probe, upon his return from London.

34.    The Contract 00-042803 was forwarded to Plaintiff and was signed by Robert Hagan on or about July 11, 2005.

35.    The Contract 00-042803 listed the price for the shimming tool as US $69,000.00  and the Siemens Harmony ramp power supply and probe would be rented at a cost of US $5,000.00 per week.

36.    The Contract 00-042803 provided that the Plaintiff would compensate Alkomed Technologies $1,000.00 per day for expenses.

37.    The Contract 00-042803 required a deposit amount of US $10,000.00.

38.    Following the execution of Contract 00-042803, Plaintiff failed to provide Defendant Kouspakian with the deposit of US $10,000.00.

39.    Following the execution of Contract 00-042803, Defendant Kouspakian secured immediate availability of the tools.

40.    On or about July 15, 2003, Defendant received an e-mail sent from Robert Hagan stating that Plaintiff would not be ready to receive the tools at that time.

41.    In that e-mail, Robert Hagan indicates that he had been waiting to send the US $10,000.00 deposit to make sure of the timing.

42.    Plaintiff refused to ever make payment of the US $10,000.00 deposit for the tools.

43.    Plaintiff never made an inspection of the CT Scanner in London pursuant to Contract 00-042502.

44.    Following Defendant Kouspakian's trip to London, he was contacted by Lundy inquiring as to what should be done with the CT Scanner.

45.    Plaintiff continued to attempt to re-negotiate the terms of the previously executed Contract 00-04502.

46.    Plaintiff informed Defendant Kouspakian the CT Scanner could be sold to a third party.

47.    As a result of Plaintiff's failure to comply with the terms of Contract 00-04502, Defendant Kouspakian experienced a loss of profit in the amount of approximately US $20,000.00.

48.    As a result of Plaintiff's failure to comply with the terms of Contract 00-042803, Defendant Kouspakian experienced a loss of profit in the amount of approximately US $40,000.00.

## COUNT I
## BREACH OF CONTRACT

49.    Defendants restate and incorporates by reference the allegations contained in paragraph 1 through 48 as set forth fully herein.

50.    Plaintiff's failure to comply with the terms of Contract 00-042502 constitutes a breach of contract.

## COUNT II
## BREACH OF CONTRACT

51.    Defendants restate and incorporates by reference the allegations contained in paragraph 1 through 50 as set forth fully herein.

52.    Plaintiff's failure to comply with the terms of Contract 00-042803 constitutes a breach of contract.

**WHEREFORE**, Defendant Alkomed and Defendant Kouspakian, respectfully request that this Honorable Court:

a)    Grant a judgment for the Defendants against Plaintiff on all counts;
b)    Award the Plaintiffs damages; and
c)    Any other award that this Court deems just and proper.

**DEFENDANT REQUESTS A JURY TRIAL ON ALL TRIABLE ISSUES**

Respectfully Submitted,
DEFENDANTS,
Alexander Kouspakian,
Alkomed Technologies, LLC
By their Attorney,


_/s/ Ara H. Margosian, II_____
Ara H. Margosian II
BBO# 560556
The Law Office of Ara H. Margosian II
415 Mt. Auburn Street
Watertown, MA 02472
Dated:  July 22, 2005                    (617) 926-8944

UNITED STATES DISTRICT COURT
District of Massachusetts

_____
                                        )
MEDICAL IMAGING SOLUTIONS GROUP,        )
INC.                                    )
                                        )          C.A. No.:  05-10080 DPW
v.                                      )
                                        )
ALKOMED TECHNOLOGIES, LLC and           )
ALEXANDER KOUSPAKIAN                     )
_____)

        NOW comes the Defendants, Alkomed Technologies, Inc. (hereinafter referred to as "Defendant Alkomed"), and Alexander Kouspakian (hereinafter referred to as "Defendant Kouspakian") to answer the Complaint filed against them by the Plaintiff, Medical Imaging Solutions Group, Inc. (hereinafter referred to as "Plaintiff").

## **ANSWER AND COUNTERCLAIMS**

1.    Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (1) of Plaintiff's Complaint;

2.    Defendant Alkomed admits the allegations contained in Paragraph (2) of the Plaintiff's Complaint.

3.    Defendant Kouspakian admits the allegations contained in Paragraph (3) of the Plaintiff's Complaint.

4.    Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (4) of Plaintiff's Complaint.

5.    Defendants admit the allegations contained in Paragraph (5) of Plaintiff's Complaint.

6.    Defendants deny the allegations contained in Paragraph (6) of Plaintiff's Complaint.

## **FACTS**

7.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph (7) of Plaintiff's Complaint.

8.      Defendants admit the allegations contained in Paragraph (8) of Plaintiff's Complaint.

9.      Defendants deny the allegations contained in Paragraph (9) of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in Paragraph (10) of Plaintiff's Complaint.

11.     Defendants deny the allegations contained in Paragraph (11) of Plaintiff's Complaint.

12.     Defendants deny the allegations contained in Paragraph (12) of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in Paragraph (13) of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in Paragraph (14) of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in Paragraph (15) of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in Paragraph (16) of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraph (17) of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in Paragraph (18) of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph (19) of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph (20) of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph (21) of Plaintiff's Complaint.

22.    Defendants deny the allegations contained in Paragraph (22) of Plaintiff's Complaint.

23.    Defendants deny the allegations contained in Paragraph (23) of Plaintiff's Complaint.

24.    Defendants deny the allegations contained in Paragraph (24) of Plaintiff's Complaint.

<u>**COUNT I**</u>
<u>**Breach of Contract**</u>

25.    No answer is required to Paragraph (25) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 24 of Plaintiff's Complaint.

26.    Defendants deny the allegations contained in Paragraph (26) of Plaintiff's Complaint.

<u>**COUNT II**</u>
<u>**Breach of Contract**</u>

27.    No answer is required to Paragraph (27) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 26 of Plaintiff's Complaint.

28.    Defendants deny the allegations contained in Paragraph (28) of Plaintiff's Complaint.

<u>**COUNT III**</u>
<u>**Breach of Contract**</u>

29.    No answer is required to Paragraph (29) of Plaintiff's Complaint, however, to the extent one may be, Defendant reasserts and incorporates herein by reference, each of its responses to Paragraphs 1 through 28 of Plaintiff's Complaint.

30.    Defendants deny the allegations contained in Paragraph (30) of Plaintiff's Complaint.

31.    Defendants deny the allegations contained in Paragraph (31) of Plaintiff's Complaint.

**COUNT IV**
**Unjust Enrichment**

32.     No answer is required to Paragraph (32) of Plaintiff's Complaint, however, to the extent one may be, Defendants reassert and incorporate herein by reference, each of its responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph (33) of Plaintiff's Complaint.

34.     Defendants deny the allegations contained in Paragraph (34) of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has no standing to bring a case against Defendant Alkomed as the Defendant Alkomed never entered into a contract with Defendant Alkomed. Defendant Alkomed was not organized with the Secretary of State of the Commonwealth of Massachusetts until October 21, 2003.

**SECOND AFFIRMATIVE DEFENSE**

The claims brought by Plaintiff are frivolous, wholly unsubstantial, and not advanced in good faith.

**THIRD AFFIRMATIVE DEFENSE**

If Plaintiff did in fact suffer injury or damages as alleged, such injury or damage was caused by someone, for whose conduct Defendants was not and is not legally responsible for.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff did in fact suffer injury or damages as alleged, Plaintiff has failed to mitigate its damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has unclean hands and therefore its equitable claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

Each of the Plaintiff's claims should be dismissed, for failure to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P. R. 12(b)(6).

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants deny each and every material allegation of the Plaintiff's Complaint which not herein specifically admitted, denied or controverted.

**WHEREFORE,** Defendant Alkomed and Defendant Kouspakian respectfully request that this Honorable Court:

a) Dismiss Plaintiff's claims, on all counts and with prejudice;
b) Award Defendants fees, costs, and legal expenses; and
c) Award Defendants any other and further award that this Honorable Court deems just and proper.

## DEFENDANTS' COUNTERCLAIMS

1.  Defendant-Plaintiff-in-the-Counterclaim, Alkomed Technologies, LLC, (hereinafter referred to "Defendant Alkomed") is a Massachusetts Limited Liability Company with a principal place of business located at 388 Boylston Street, Newton, Commonwealth of Massachusetts.

2.  Defendant-Plaintiff-in-the-Counterclaim, Alexander Kouspakian, (hereinafter referred to as "Defendant Kouspakian") is an individual residing in the Commonwealth of Massachusetts.

3.  Defendant-Plaintiff-in-the-Counterclaim, Alexander Kouspakian is the owner of Alkomed Technologies, LLC.

4.  Plaintiff-Defendant-in-the-Counterclaim, Medical Imaging Solutions Group, Inc., (hereinafter referred as "Plaintiff") is a corporation registered in the State of Georgia, with a principal place of business located at 229 Arnold Mill Road, Woodstock, Georgia.

## FACTS

5.  In 2003, Alkomed Technologies was in the business of selling used and new radiological equipment.

6.  In 2003, Defendant Kouspakian was an employee of Alkomed Technologies.

7.      Defendant Kouspakian, on behalf of Alkomed Technologies would sell radiological systems through suppliers worldwide and sell those systems to prospective buyers.

8.      In and around February and March, 2003, Defendant Kouspakian became acquainted with an employee of Plaintiff.

9.      In and around February and March, 2003, Defendant Kouspakian traveled to San Antonio, Texas to meet with employees of Plaintiff, Robert Hagan and Martha Kilgore.

10.     While in San Antonio, Texas, Defendant Kouspakian had a discussion with Plaintiff's representatives regarding Plaintiff's need for MRI machines and CT Scanners specifically Siemens brand.

11.      Defendant Kouspakian drafted a Contract (Contract 00-042502) for the sale of a 1997 Siemens Sonatom Plus 4 CT Scanner (hereinafter referred to as "CT Scanner").

12.     On or about March 5, 2003, Defendant Kouspakian sent Contract 00-042502 to Plaintiff for review and execution.

13.     The Contract 00-042502 listed the price for the 1997 Siemens Sonatom Plus 4 CT Scanner as US $95,000.00.

14.     Plaintiff and Defendant Kouspakian negotiated the price of the CT Scanner and ultimately agreed to US $89,000.00.

15.     On or about March 25, 2003, Robert Hagan signed and dated Contract 00-042502.

16.     On or about March 28, 2003, Contract 00-042502 was returned to Defendant Kouspakian via facsimile with Robert Hagan's signature.

17.     Following the execution of Contract 00-042502, Plaintiff provided Defendant Kouspakian with a check in the amount of US $10,000.00 as a deposit to secure the CT Scanner.

18.     Defendant Kouspakian then forwarded the US $10,000.00 deposit to Lundy International LTD (hereinafter referred to as "Lundy"), in London, England.

19.     Lundy was the company who was to supply the CT Scanner to Defendant Kouspakian for sale to Plaintiff.

20.   Pursuant to Contract 00-042502, Plaintiff and Defendant Kouspakian set up a time and place for Plaintiff to inspect the CT Scanner.

21.   Defendant Kouspakian and Plaintiff agreed to meet in London during the week of April 21, 2003, so that Plaintiff could inspect the CT Scanner.

22.   Defendant Kouspakian then purchased an airplane ticket and made hotel reservations for himself and Plaintiff's representatives.

23.   Defendant Kouspakian contacted Robert Hagan, approximately two or three days prior to the scheduled trip, and confirmed the meeting in London to inspect the CT Scanner at Lundy.

24.   Defendant Kouspakian traveled to London per his discussions with Robert Hagan and went to his hotel.

25.   The following day, Defendant Kouspakian received an e-mail message from Robert Hagan stating that Plaintiff would not be coming to London.

26.   Defendant Kouspakian explain to Lundy that Plaintiff would not be traveling to London to inspect the CT Scanner.

27.   Defendant Kouspakian contacted Lundy, while in London,  to attempt to locate some other items that Plaintiff was interested in securing, specifically a shimming tool and a Siemens Harmony ramp power supply and probe (hereinafter referred to collectively as "tools").

28.   Defendant Kouspakian was able to secure the tools for Plaintiff in very good condition, from London

29.   The CT Scanner was in very good condition and was ready to be delivered to Plaintiff.

30.   Plaintiff never arrived in London for the inspection of the CT Scanner.

31.   Defendant Kouspakian incurred costs of US $3,315.00 for his flight and hotel reservations.

32.   Defendant Kouspakian incurred a lost wages in the amount of US $4,807.00.

33.   Defendant Kouspakian drafted a second Contract (hereinafter referred to as "Contract 00-042803") for the sale of a shimming tool and rental of Siemens Harmony ramp power supply and probe, upon his return from London.

34.    The Contract 00-042803 was forwarded to Plaintiff and was signed by Robert Hagan on or about July 11, 2005.

35.    The Contract 00-042803 listed the price for the shimming tool as US $69,000.00  and the Siemens Harmony ramp power supply and probe would be rented at a cost of US $5,000.00 per week.

36.    The Contract 00-042803 provided that the Plaintiff would compensate Alkomed Technologies $1,000.00 per day for expenses.

37.    The Contract 00-042803 required a deposit amount of US $10,000.00.

38.    Following the execution of Contract 00-042803, Plaintiff failed to provide Defendant Kouspakian with the deposit of US $10,000.00.

39.    Following the execution of Contract 00-042803, Defendant Kouspakian secured immediate availability of the tools.

40.    On or about July 15, 2003, Defendant received an e-mail sent from Robert Hagan stating that Plaintiff would not be ready to receive the tools at that time.

41.    In that e-mail, Robert Hagan indicates that he had been waiting to send the US $10,000.00 deposit to make sure of the timing.

42.    Plaintiff refused to ever make payment of the US $10,000.00 deposit for the tools.

43.    Plaintiff never made an inspection of the CT Scanner in London pursuant to Contract 00-042502.

44.    Following Defendant Kouspakian's trip to London, he was contacted by Lundy inquiring as to what should be done with the CT Scanner.

45.    Plaintiff continued to attempt to re-negotiate the terms of the previously executed Contract 00-04502.

46.    Plaintiff informed Defendant Kouspakian the CT Scanner could be sold to a third party.

47.    As a result of Plaintiff's failure to comply with the terms of Contract 00-04502, Defendant Kouspakian experienced a loss of profit in the amount of approximately US $20,000.00.

48.    As a result of Plaintiff's failure to comply with the terms of Contract 00-042803, Defendant Kouspakian experienced a loss of profit in the amount of approximately US $40,000.00.

## COUNT I
## BREACH OF CONTRACT

49.    Defendants restate and incorporates by reference the allegations contained in paragraph 1 through 48 as set forth fully herein.

50.    Plaintiff's failure to comply with the terms of Contract 00-042502 constitutes a breach of contract.

## COUNT II
## BREACH OF CONTRACT

51.    Defendants restate and incorporates by reference the allegations contained in paragraph 1 through 50 as set forth fully herein.

52.    Plaintiff's failure to comply with the terms of Contract 00-042803 constitutes a breach of contract.

**WHEREFORE**, Defendant Alkomed and Defendant Kouspakian, respectfully request that this Honorable Court:

a)    Grant a judgment for the Defendants against Plaintiff on all counts;
b)    Award the Plaintiffs damages; and
c)    Any other award that this Court deems just and proper.

**DEFENDANT REQUESTS A JURY TRIAL ON ALL TRIABLE ISSUES**

Respectfully Submitted,
DEFENDANTS,
Alexander Kouspakian,
Alkomed Technologies, LLC
By their Attorney,


_/s/ Ara H. Margosian, II_____
Ara H. Margosian II
BBO# 560556
The Law Office of Ara H. Margosian II
415 Mt. Auburn Street
Watertown, MA 02472
Dated:  July 22, 2005            (617) 926-8944

CERTIFICATE OF SERVICE

       I hereby certify that, on this 22nd day of July, 2005, I served via first class mail, postage prepaid, a copy of **Defendant's Answer to Plaintiff's Amended Complaint and Counterclaims**, to the following individual:

Thomas E. Romano, Esq.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

 

_____

Katie Cook Rayburn